IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PENNSYLVANIA PROFESSIONAL DOG BREEDERS ASSOCIATION, and NATHAN MYER**, | : : : : | **CIVIL NO. 1:CV-09-1644** |
| Plaintiffs | : : | |
| v. | : : : | |
| **PENNSYLVANIA DEPARTMENT OF AGRICULTURE**, | : : : | |
| Defendant | : | |

# M E M O R A N D U M

Before the court is Plaintiffs' motion for a preliminary injunction[1] (Doc. 3) and brief in support, Defendant's brief in opposition (Doc. 11), and Plaintiffs' reply brief (Doc. 17). The motion is ripe for disposition.

## I. Background

### A. Facts

This case is directly related to a case previously before the court docketed at 1:09-cv-0258, which was a facial challenge to the constitutionality of the Pennsylvania Dog Law ("Dog Law"). *Pa. Dog Breeders Advisory Council v. Wolff*, Civ. No. 09-258, slip op. at 2 (M.D. Pa. Jan. 11, 2009). This court upheld the constitutionality of the majority of the law, finding only one provision, not at issue here, unconstitutional. *Id.* at 31. The Dog Law was originally passed in 1982, but on October 9, 2008, it was amended by certain provisions which are to go into effect on October 9, 2009. Plaintiffs allege that certain provisions of the Dog Law require the promulgation of additional regulations and, as such, Plaintiffs should not be

---

[1] Plaintiffs' Motion for Peremptory Judgment in Mandamus was also before the court but has since been withdrawn. (Doc. 10 at 3.)

required to comply with other unrelated portions of the statute. Plaintiffs request the court to order Pennsylvania Department of Agriculture to promulgate regulations and want a stay of 290 days from the time those regulations are enacted. Plaintiffs argue that additional regulations are required for the following sections of the Dog Law:

> **(h) Additional requirements for Kennel Class C license holders only.--**The following shall apply only to primary enclosures for all dogs in Kennel Class C kennels:
>
> (12) Primary enclosures may not be stacked more than two rows high, and the bottom of the uppermost primary enclosure may not be more than four and one-half feet off the housing facility floor. Where the primary enclosures are stacked, a tray or other department-approved device which will prevent urine, feces and other debris from passing into or being discharged into the underlying primary enclosure shall be placed under the upper primary enclosures. The tray or approved device must be impermeable to water and capable of being easily sanitized.

3 P.S. § 459-207(h)(12).

> **(i) Additional requirements for Kennel Class C license holders only.--**The following shall apply only to dogs over 12 weeks of age in Kennel Class C kennels:
>
> (1) A dog housed in a primary enclosure must be provided a minimum amount of floor space in the primary enclosure, calculated as provided under this subparagraph: Find the mathematical square of the sum of the length of the dog in inches, measured in a straight line from the tip of its nose to the base of its tail, plus six inches, then divide the product by 144, then multiply by 2. The calculation is: (length of dog in inches + 6)(length of dog in inches + 6) = required floor space in square inches. Required floor space in inches/144 x 2 = required floor space in square feet. For the second dog placed in the primary enclosure the minimum floor space shall be doubled. The floor space shall be calculated using the longest dog. For each dog above two, the minimum floor space shall be multiplied by 1.5 per additional dog.

3 P.S. § 459-207(i)(1).

> (2) Primary enclosures must be placed no higher than 30 inches above the floor of the housing facility and may not be placed over or stacked on top of another cage or primary enclosure.

3 P.S. § 459-207(i)(2).

> (3)(i) The floor of the primary enclosure shall be strong enough so that the floor does not sag or bend between the structural supports, shall not be able to be destroyed through digging or chewing by the dogs housed in the primary enclosure, shall not permit the feet of any dog housed in the primary enclosure to pass through any opening, shall not be metal strand whether or not it is coated, shall allow for moderate drainage of fluids and shall not be sloped more than 0.25 inches per foot.
> (ii) Except as set forth in subparagraph (iii), flooring constructed with slats meeting all of the following conditions shall be acceptable:
> (A) Be flat.
> (B) Have spaces between them that are no more than 0.5 inch in width.
> (C) Have spaces between them that run the length or the width of the floor, but not both.
> (D) Be no less than 3.5 inches in width.
> (E) Be level with the slat next to it within a single primary enclosure.
> (iii) Additional flooring options that meet the provisions of subparagraph (i) may be approved by the Canine Health Board.

3 P.S. § 459-207(i)(3).

> (6) Exercise requirements shall be as follows:
>
> (i) Except as provided in paragraph (5), the exercise area must allow for unfettered clearance for dogs from their primary enclosure.
>
> (ii) The exercise area must be at least twice the size of the primary enclosure under paragraph (1).
>
> (iii) The exercise area must have adequate means to prevent dogs from escaping.
>
> (iv) The exercise area fencing must be kept in good repair and be free of rust, jagged edges or other defects that could cause injury to the dogs.

3

(v) The exercise area shall be cleaned in accordance with the requirements under subsection (h)(14).

(vi) Dogs must not be placed in the area in a manner that would cause injury to the dogs.

(vii) Compatible dogs, as determined under subsection (h)(4), may be exercised together.

(viii) Nursing bitches and their puppies shall be exercised separately from other dogs.

(ix) The exercise area must be on ground level and the ground of the exercise area must be solid and maintainable. Surfaces such as gravel, packed earth and grass which are solid and maintainable may be utilized.

(x)(A) Except as provided under clause (B), the exercise area must be outdoors.

(B) Any licensed kennel operating as of the effective date of this clause, where local zoning or other ordinance requirements or a decision of the applicable zoning hearing board or other municipal body with jurisdiction prohibits further expansion of the kennel use to include the required outdoor exercise area, may apply to the department within 180 days after the effective date of this clause for approval to construct the required exercise area indoors. The department shall notify the applicant by certified mail of approval or disapproval within 30 days of receipt of the application. The department shall not require that the licensed kennel appeal the decision of a zoning hearing board or other municipal body with jurisdiction to interpret a local ordinance as a condition of application or approval. Denial by the department of an application for an indoor exercise area shall be appealable in the same manner and according to the same procedures set forth under section 211(c). While an appeal is pending and until final conclusion of the appeal, the kennel shall not be considered in violation of this act for failure to have the required exercise area. The required exercise area shall be constructed within 90 days of the final conclusion of an appeal under this clause or within one year of the effective date of this clause, whichever is later.

(xi) If, in the opinion of the veterinarian, it is inappropriate for a dog to exercise because of its health, condition or well-being, this paragraph shall not apply with respect to that dog. Such a determination must be documented by the veterinarian and, unless the basis for determination is a permanent condition, shall be reviewed at least every 30

> days by the veterinarian and updated as necessary. Records of determinations shall be maintained by the kennel.
> (xii) Forced exercise methods or devices such as swimming, treadmills or carousel-type devices shall not meet the exercise requirements of this paragraph.

3 P.S. § 459-207(i)(6).

No regulations were issued to clarify the standards set out in these sections of the Dog Law. However, Plaintiffs' maintain that § 459-221(g) of the Dog Law requires the Canine Health Board ("CHB")—established by § 459-221—to have promulgated regulations under the Dog Law within seventy-five days of its enactment. Section 459-221(g) provides:

> (g) Temporary guidelines and regulations.--The board shall issue temporary guidelines under this section within 45 days of their first meeting, which shall take place within 30 days of the effective date of this section. The temporary guidelines shall be published in the Pennsylvania Bulletin. The department shall promulgate the temporary guidelines as a regulation concurrently with publication in the Pennsylvania Bulletin.

3 P.S. § 459-221(g). The purpose of the CAB is to "determine the standards based on animal husbandry practices to provide for the welfare of dogs under section 207(h)(7) and (8) and (i)(3)." 3 P.S. § 459-221(f). Sections 207(h)(7) and (8) relate to ventilation and lighting of kennels. Section 207(i)(3) relates to flooring and is outlined above. Plaintiffs have withdrawn their request for a stay as it pertains to §§ 207(h)(7) and (8). (Doc. 10 at 3.) Therefore, Plaintiffs' only remaining challenge relates to the failure to promulgate regulations pursuant to § 459-221(g) concerns § 459-207(i)(3).

Plaintiffs do not argue that § 459-221(g) requires the promulgation of regulations relating to the specific sections they challenge. Instead, Plaintiffs argue that without additional regulations under § 459-221(g), kennel owners should not have to come into compliance with the sections of the Dog Law they challenge here.

5

Defendant maintains, and Plaintiffs do not refute, that none of the provisions challenged require the promulgation of regulations and therefore the statute should not be enjoined. For the reasons set forth below, Plaintiffs' motion will be denied.

### B. The Parties

The parties in this case are Plaintiffs Nathan Myer, a dog breeder residing in the Commonwealth, and the Pennsylvania Professional Dog Breeders Association ("PPDBA"). The sole Defendant is the Pennsylvania Department of Agriculture ("PDA").

### C. Procedural History

Plaintiffs filed their first case—docketed at 1:09-cv-0258—on February 9, 2009. On September 11, 2009, this court issued an order granting in part and denying in part each parties' motion for summary judgment in the original proceeding. *Pa. Dog Breeders Advisory Council v. Wolff*, Civ. No. 09-258, slip op. at 31 (M.D. Pa. Jan. 11, 2009).

On August 14, 2009, Plaintiffs filed a Petition for Review with the Commonwealth Court in the form of a Complaint for Mandamus, Declaratory and Injunctive Relief. (Doc. 1, Ex. A.) On August 25, 2009, Defendant removed the case to this court based on the fact that Plaintiffs asserted a claim under 42 U.S.C. § 1983 an alleged deprivation of their substantive and procedural due process rights under the United States Constitution. (Doc. 1.) Plaintiffs also allege that the PDA's failure to promulgate regulations violates the Commonwealth Documents Law ("CDL"), 45 P.S. § 1101 *et seq.*, the Regulatory Review Act ("RRA"), 71 P.S. § 745.1 *et seq.* and § 459-221(g) of the Dog Law itself. On August 27, 2009, Plaintiffs filed a motion for Peremptory Judgment in Mandamus and Preliminary Injunction, and brief in support. (Docs. 3, 4.) On September 3, 2009, Plaintiffs

6

withdrew their Motion for Peremptory Judgment in Mandamus. In addition, Plaintiffs withdrew their Preliminary Injunction request as much as it related to 3 P.S. § 459-207(h)(7), (h)(8), (h)(13) and 3 P.S. § 459-207(i)(5). Leaving only the request for a stay as to §§ 459-207(h)(12) and 207(i)(1), (2), (3) and (6). (Doc. 8.) On September 9, 2009, Defendant filed a brief in opposition to Plaintiffs' motion (Doc. 11), to which Plaintiffs replied on September 16, 2009 (Doc. 17).

## II.      **Legal Standard**

The test for whether to grant a preliminary injunction consists of four factors:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the non-moving party; and (4) whether granting the preliminary relief will be in the public interest.

*ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 n.2 (3d Cir. 1996) (en banc). The burden lies with the plaintiff to establish every element in their favor, or the grant of a preliminary injunction is inappropriate. *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC.*, 428 F.3d 504, 508 (3d Cir. 2005). Furthermore, a preliminary injunction is "an extraordinary remedy which should be granted only in limited circumstances." *S. Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001) (citing *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994)) (internal citations omitted).

7

**III.	Discussion**

   **A. <u>Probability of Success on the Merits</u>**

Plaintiffs have not shown a probability of success on the merits of their claims. Plaintiffs request a stay of §§ 459-207(h)(12) and 207(i)(1), (2), (3) and (6) of the Dog Law. Plaintiffs argue that § 459-221(g) of the Dog Law required the CHB to have promulgated regulations within seventy-five days of the laws passage and that failure to do so violates the Due Process Clause of the United States Constitution, the CDL, the RRA ,and § 459-221(g) of the Dog Law. Defendant counters that because none of the challenged sections require additional regulations, none of the above statutes have been violated.

Plaintiffs claim that the PDA failed to promulgate such regulations and therefore Plaintiffs should be permitted 290[2] days after PDA promulgates such regulations to come into compliance with certain other unrelated portions of the Dog Law.[3] What Plaintiffs recognize, but fail to adequately explain, is that the statutory sections they dispute were fully developed as of October 8, 2008, the date the Dog Law was signed. (Pl.'s Br. at 2 n.1, 5, 6, 13, 14, 21; Pl.'s Reply Br. at 5; Hr'g, Sept. 10, 2009.) Plaintiffs acknowledge that the sections of the Dog Law they challenge do not require the promulgation of regulations, because they are sufficiently specific

---

[2] Plaintiffs claim the Legislature gave them one year minus seventy-five day to come into compliance after the law was passed, which is a total of 290 days.

[3] Notably, the PDA did comply with the provisions outlined in § 459-221(g), albeit a few weeks late. As instructed under § 459-221(g) the CHB met within thirty days of the passage of the Dog Law. The CHB issued temporary guidelines with regards to §§ 459- 207(h)(7), (8) and (i)(3). These guidelines were published in the Pennsylvania Bulletin on January 17, 2009. Three and one half weeks late. However, Plaintiffs' complaint was filed on February 9, 2009, and no mention of the late passage was made; in fact, Plaintiffs made no mention of their concern with the regulations late passage date until weeks before the law is to take effect.

8

to allow Plaintiffs and others affected by the law to comply. Plaintiffs do not challenge the sections of the Dog Law that may require regulations. Plaintiffs appear to argue that they are entitled to a stay because they potentially may have to do a major over-haul of their kennels should the Defendant, through the Canine Advisory Board, decide to later enact additional regulations. This court will not predict the future and will not speculate about what may happen. The provisions at issue clearly and unambiguously describe what it is that Plaintiffs must do to comply with the Dog Law and they have been in place since October 9, 2008.

The sum of Plaintiffs' arguments for a preliminary injunction surround the promulgation of regulations according to § 459-221(g). However, Plaintiffs have either not challenged or withdrew their challenge to all portions of the Dog Law to which § 459-221(g) applies. Here, it does not matter whether the PDA promulgates regulations under this section on time, late, or never at all, because the regulations under § 459-221(g) have no relation to three of the four sections challenged by Plaintiffs. The only subsection to which §459-221(g) applies is § 459-207(i)(3) regarding flooring. However, § 459-207(i)(3) does not require additional regulations because it is sufficiently clear on its face. Section 459-207(i)(3) sets the minimum standards required for kennel flooring, and the Dog Law makes it clear that all the CHB can do through regulations it to approve alternative flooring standards that meet the requirements of § 459-207(i)(3)(i) and (ii). The CHB cannot establish an entirely different flooring requirement inconsistent with this subsection, and thereby require a kennel owner to change their entire kennel design. Accordingly, although part of § 459-221(g) applies to one of the subsections challenged, this subsection does not require additional regulations as the statute makes sufficiently clear what minimum standards kennel owners must meet. Because Plaintiffs, as the party requesting a preliminary injunction, bears the burden

of demonstrating all of the elements necessary to grant a preliminary injunction, and because Plaintiffs have failed to demonstrate a probability of success on the merits of their claims, the court will deny Plaintiffs motion.

### B. **Damages**

In addition to their request for a preliminary injunction, Plaintiffs request an award of damages under both their federal and state law claims. Both parties address the underlying merits of, and possible defenses to, these claims in their respective briefs. However, deciding the overall merits of these claims is not appropriate in a motion for preliminary injunction. A motion to dismiss is currently pending in this case, and when its disposition is ripe, this court will properly address each of the parties arguments in turn.

## IV.     **Conclusion**

In accordance with the foregoing discussion, the court will deny Plaintiffs' motion for preliminary injunction. An appropriate order will issue.

                                                            s/Sylvia H. Rambo
                                                   United States District Judge

Dated: September 30, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**PENNSYLVANIA PROFESSIONAL DOG BREEDERS ASSOCIATION,** and **NATHAN MYER**, : CIVIL NO. 1:CV-09-1644

**Plaintiff**

v.

**PENNSYLVANIA DEPARTMENT OF AGRICULTURE,**

**Defendant**

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for Preliminary Injunction (Doc. 3) is **DENIED**.

                                                          s/Sylvia H. Rambo
                                                      United States District Judge

Dated: September 30, 2009.